RENDERED: MARCH 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0850-WC

TERESA STEWART                                                   APPELLANT

v.              PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-14-69748

GOOD SAMARITAN CENTER;
HONORABLE JONATHAN R.
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; WORKERS'
COMPENSATION BOARD; NORTON
HOSPITAL; EMERGENCY MEDICAL
ASSOCIATES; R. KIRK OWENS, M.D.;
HONORABLE DANIEL CAMERON,
ATTORNEY GENERAL OF KENTUCKY                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Teresa Stewart appeals from an opinion of the Workers' Compensation Board which affirmed an order and award of workers compensation benefits from Administrative Law Judge (ALJ) Jonathan Weatherby. The only issue on appeal is whether Kentucky Revised Statutes (KRS) 342.730(4) applies in this case.  We hold that it does and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant suffered a work-related injury in 2014 while working for Good Samaritan Center.  An ALJ found her injury compensable and that she had a permanent partial disability.  This finding is not in dispute.  In 2016, Good Samaritan moved to reopen the workers' compensation claim in order to contest the compensability of a specific surgery recommended for Appellant.  Appellant also moved to reopen her claim in order to determine if her physical condition had worsened since the time of her initial award.  Both motions were granted and the claim was reopened.

After introducing additional evidence into the record, ALJ Weatherby concluded that the surgery being contested by Good Samaritan was compensable and was a necessary treatment for Appellant's work injury.  The ALJ also held that Appellant was now permanently and totally disabled.  Finally, the ALJ held that Appellant's benefits would terminate pursuant to the current version of KRS 342.730(4).  KRS 342.730(4) states:

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

Appellant appealed the application of the current version of KRS 342.730(4) to the Board. Appellant argued an older version of KRS 342.730(4), which was in effect at the time of her injury, should apply and that the new version should not apply retroactively to her award. She also raised constitutional issues. The Board held that the new version of KRS 342.730(4) did apply retroactively to her award, but it was without jurisdiction to determine constitutional issues. This appeal followed.

## ANALYSIS

Appellant argues on appeal that the current version of KRS 342.730(4) should not apply retroactively to her award, that the application of the current version of KRS 342.730(4) violates the Contracts Clause of the United States Constitution and the Kentucky Constitution, and that the application of the current version of KRS 342.730(4) would be an arbitrary act contrary to Section 2 of the Kentucky Constitution.

These issues have all recently been ruled upon by the Kentucky Supreme Court. *Holcim v. Swinford*, 581 S.W.3d 37, 44 (Ky. 2019), holds that KRS 342.730(4) can be applied retroactively to claims and awards that were still open at the time the new version came into effect. Appellant's claim was still open when the current version came into effect; therefore, the ALJ and Board properly applied that statute. *Holcim* determines this issue. In addition, *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 894-95 (Ky. 2021), holds that applying KRS 342.730(4) retroactively does not violate the Contracts Clause of the United States Constitution or Kentucky Constitution. Finally, *Cates v. Kroger*, 627 S.W.3d 864, 871-72 (Ky. 2021), holds that applying KRS 342.730(4) retroactively is not an arbitrary act.

## CONCLUSION

Based on the foregoing, we affirm the application of the current version of KRS 342.730(4) to Appellant's benefits. The Kentucky Supreme Court has recently ruled on the issues raised by Appellant and has definitively found that the current version is to be applied retroactively to claims such as Appellant's and that the statute is constitutional.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE GOOD
SAMARITAN CENTER:

Patrick J. Murphy, II
Amanda L. Combs
F. Allon Bailey
Lexington, Kentucky

BRIEF FOR APPELLEE DANIEL
CAMERON, ATTORNEY
GENERAL:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera
Frankfort, Kentucky